REED & CLARK, Respondents, v. JOHN C. KIBLER,
Appellant.

**Kansas City Court of Appeals, January 6, 1902.**

**Evidence:** INSTRUCTION: PRACTICE: WAIVER. Defendant objected to the introduction of a contract between plaintiff and the city of Kirksville for certain street improvements. The defendant afterwards asked and obtained an instruction that while such contract was duly admitted in evidence, it was only admissible for the purpose of showing the contract between plaintiff and defendant. *Held*, the defendant thereby waived his objection to the introduction of the contract in evidence and could not again raise its inadmissibility for any purpose in his motion for new trial.

Appeal from Adair Circuit Court.—*Hon. N. M. Shelton,*
Judge.

AFFIRMED.

*Millan & Greenwood* for appellant.

(1) Private citizens can not contract for the paving of that part of a street adjacent to their lot frontage. (2) There is absolutely no proof of the contract sued on. (3) The remedy given by law is an action on the taxbills to enforce the lien on the lots. R. S. 1899, sec. 5892. (4) Where the law has given the city power to improve its streets and to make a contract for the work and prescribed a remedy for the contractor—the remedy so provided is exclusive. City of Pleasant Hill v. Dasher, 120 Mo. 675; City of Clinton v. Henry Co., 115 Mo. 557. (5) The Legislature has no power to authorize a personal judgment against a landowner in suits to recover local assessments. St. Louis to use v. Allen, 53 Mo.

44; City of Pleasant Hill v. Dasher, 120 Mo. 675. (6) In public improvements, when by contract the work is to be done in a certain time, the time is of the essence of the contract—and an order of ordinance attempting to extend the time—passed after forfeiture, is void. Neill v. Gates, 152 Mo. 585.

*Reiger & Reiger* and *Ellison & Campbell* for respondents.

(1) A contract consists of the expressed intention of the parties—not their mental reservations. Machine Co. v. Criswell, 58 Mo. App. 471. (2) Even though a contract is *ultra vires,* yet if not illegal the party who has received benefits under it is estopped to set up its invalidity. City of St. Louis v. Davidson, 102 Mo. 149. (3) This is not a suit upon the taxbills; if it was we would concede the justice had no jurisdiction. It is a suit upon a contract between plaintiffs and defendants —not upon the contract with the city. Parties are at liberty to contract as they see fit unless prohibited by a statute or public policy. Wilkinson v. Ins. Co., 63 Mo. App. 408. (4) Appellant now urges two grounds for reversal: (a) There was no evidence of a contract. (b) If such contract was made it is illegal. Appellant can not now urge either of those grounds. At the request of appellant the court instructed the jury: "The jury are instructed that plaintiffs can not recover in this case by virtue of any contract they may have had with the city of Kirksville for doing the street improvements sued for in this case; that evidence of the same was duly admitted in this case as it might tend to show a contract between plaintiffs and defendant for the improvements sued for." This instruction selected out a particular part of the evidence and impliedly told the jury and admitted to the court there was evidence tending to prove the contract sued upon, and appellant will not now be heard to say there was no such evidence and can not complain of it even though it was error

to give it because invited by him. Straat v. Hayward, 37 Mo. App. 590; Holmes v. Braidwood, 82 Mo. 616; Thrope v. Railroad, 89 Mo. 666; Berkson v. Cable Co., 144 Mo. 219. Appellant will not be permitted to object to the theory of the instructions or say there was no evidence on which to base them. Frankenthal v. Assurance Co., 76 Mo. App. 19.

SMITH, P. J.—Action on contract. The case is this: The city of Kirksville let to plaintiff Reed a contract to grade and pave Normal avenue between certain designated intersections. Under the statute governing cities of the third class, of which the city of Kirksville is one, improvements of the kind just referred to, when properly ordered by such cities, are chargeable to the property abutting on the part of the street improved.

It appears from the evidence that the defendant was the owner of two lots in said city abutting on that part of the street to be improved; that after the letting of the said contract to plaintiff Reed there was one or two extensions of the time of its performance granted to him by said city. It further appears that plaintiff Reed, who, it may be inferred, was in rather straightened circumstances, went to the defendant and told him that he could not perform his said street-improvement contract unless he could be paid for it, and that thereupon the defendant agreed that if he would proceed with the said contract he would pay his pro rata share of the cost of the work. It still further appears that during the progress of the work the defendant promised and assured plaintiff. that as soon as he could make certain collections he would pay for the work; that while the work was in progress the defendant directed plaintiffs to perform certain parts of it in a way most beneficial to him and not interfering with the general plan of the work as required by the ordinance. The case was submitted to the jury by the instructions of both parties on the contract theory.

The contract of the city with plaintiff Reed for making the improvement was introduced in evidence over the defendant's objections, but these objections if primarily valid were subsequently in effect waived by defendant. The defendant by his first instruction asked the court to tell the jury that the contract which was duly—properly—admitted in evidence was only admissible so far as it might show the *contract* between the plaintiffs and defendant. It was probably admissible anyway as a part of plaintiffs' case, but if not, the objection thereto—whatever it was—was waived by the defendant's said instruction. He could not, after securing such an instruction from the court telling the jury that the contract was properly admissible for one purpose, be heard to complain, as he did in his motion for a new trial, that it was inadmissible for any purpose.

We can not say that there was no evidence of a contract between plaintiffs and defendant for doing the work, and for that reason we can not find fault with the action of the court in denying the defendant's demurrers to the evidence.

The judgment will be affirmed. All concur.